737 So.2d 435 (1999)
Michael E. TAYLOR, Appellant,
v.
BILOXI REGIONAL MEDICAL CENTER, Appellee.
No. 98-CA-00406 COA.
Court of Appeals of Mississippi.
March 9, 1999.
*436 Ron M. Feder, Gulfport, Attorney for Appellant.
Stephen Giles Peresich, Biloxi, Attorney for Appellee.
BEFORE BRIDGES, C.J., COLEMAN, AND IRVING, JJ.
BRIDGES, C.J., for the Court:
¶ 1. Michael E. Taylor appeals the Harrison County Circuit Court's grant of summary judgment in favor of Biloxi Regional Medical Center. Because we find that Taylor failed to provide evidence on a necessary element of his cause of action, we affirm the circuit court's entry of summary judgment in favor of Biloxi Regional Medical Center.

FACTS
¶ 2. On the morning of March 18, 1995,[1] during heavy rainfall, Michael E. Taylor, a paramedic for American Medical Response Ambulance Service, and his partner, Lonnie Sexton, responded to an emergency call involving a car/train collision in Biloxi. By the time the victim was stabilized at the accident scene, Taylor, Sexton, and the victim were drenched thoroughly. The seriously injured victim was transported to Biloxi Regional Medical Center for medical treatment. The weather conditions had not improved. It continued to rain heavily. As Taylor and Sexton raced through the electronic doors entering the hospital and turned right to enter the hallway leading to the emergency room, Taylor's feet slipped out from under him and he fell to the floor injuring his back. Taylor later required surgery for a herniated disc in his cervical spine. Taylor returned to work approximately nine months later.
¶ 3. Taylor initiated this premises liability action against BRMC, alleging that his slip and fall accident was the result of BRMC's negligence in failing to keep the premises in a reasonably safe condition. BRMC denied any allegations of negligence and moved for summary judgment, arguing that Taylor failed to produce evidence demonstrating that there was a genuine issue of material fact as to whether the dangerous condition was caused by *437 BRMC, or whether BRMC had actual or constructive knowledge of the dangerous condition. After finding Taylor failed to produce such evidence, the circuit court granted Biloxi Regional's motion. Taylor appeals.

DISCUSSION
¶ 4. Rule 56(c) of the Mississippi Rules of Civil Procedure allows summary judgment where there are no genuine issues of material fact such that the moving party is entitled to judgment as a matter of law. Crain v. Cleveland Lodge 1532, 641 So.2d 1186, 1188 (Miss.1994). When reviewing a decision to grant summary judgment, this Court will review the case de novo. Id. When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact, thus shifting to the nonmovant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial. Lindsey v. Sears Roebuck and Co., 16 F.3d 616, 618 (5th Cir.1994).
¶ 5. The law of premises liability is that the owner or occupier of a business owes a duty to an invitee to exercise reasonable or ordinary care to keep the premises in a reasonably safe condition or warn of dangerous conditions not readily apparent, which owner or occupant knows of, or should know of, in the exercise of reasonable care. Fulton v. Robinson Industries, Inc., 664 So.2d 170, 175 (Miss.1995). However, the owner or occupant of a business is not an insurer of all injuries. Lindsey, 16 F.3d at 618. "The invitee is still required to use in the interest of his own safety that degree of care and prudence which a person of ordinary intelligence would exercise under the same or similar circumstance." Fulton, 664 So.2d at 175.
[M]erely proving the occurrence of an accident within the business premises is insufficient to prove liability; rather, the plaintiff must demonstrate that the operator of the business was negligent. To prove that the operator was negligent, the plaintiff must show either (1) that the operator caused the dangerous condition, or, (2) if the dangerous condition was caused by a third person unconnected with the store operation, that the operator had either actual or constructive knowledge of the dangerous condition. Constructive knowledge is established by proof that the dangerous condition existed for such a length of time that, in the exercise of reasonable care, the proprietor should have known of that condition.
Lindsey, 16 F.3d at 618.
¶ 6. After carefully reviewing the record in this case, we are unable to find any evidence demonstrating that BRMC caused the dangerous condition. Rather, the uncontradicted evidence shows BRMC exercised reasonable care to keep the premises in a reasonably safe condition by erecting covered walkways leading to the entrance into the hospital emergency room, providing two nonskid mats at the entrance, and monitoring the area to ensure any hazardous condition was cleaned promptly.
¶ 7. Albert Jacquet, R.N., testified that upon arriving at BRMC for work at 6:45 a.m. on March 18, 1995, he retrieved two "wet floor" signs from a janitorial closet and placed them in the hallway. Jacquet also testified that there were two nonskid mats at the entrance to the hospital.
¶ 8. Teri Velardi, director of environmental services, testified that housekeeping had inspected the emergency room, waiting room, and adjacent corridors at 7:20 a.m.
¶ 9. Taylor argues that reasonable care required BRMC to either redesign its layout to eliminate the ninety degree angle to the hallway leading to the emergency room from the outside entrance or to place nonskid matting at the intersection of the hallways. After inspecting a sketch of the premises submitted as an exhibit, the trial judge found that the site of the fall was simply an intersection of hallways, not a *438 premises hazard. Deborah Montiforte, an emergency room nurse, testified that in the seven years she had been employed with BRMC she had never seen anyone fall at that turn in the hall prior to Taylor's fall. Moreover, to require the placement of nonskid matting at the intersection of hallways in an internal portion of the building would elevate BRMC to an insurer against all injuries. This the law does not require. Lindsey, 16 F.3d at 618.
¶ 10. No proof was presented to establish BRMC had actual or constructive notice of a dangerous condition created by a third party. Constructive knowledge is established by proof that the dangerous condition existed for such a length of time, in the exercise of reasonable care, the proprietor should have known of that condition. Id. Neither Sexton nor Taylor testified that they saw water in the hallway prior to their entry with the stretcher. The incident report completed by Taylor indicated he slipped and fell at 8:08 a.m. The emergency room, waiting room and adjacent corridors had been inspected by housekeeping approximately forty-eight minutes earlier. The record shows Taylor, Sexton, the victim, and the gurney were wet as they entered BRMC. Sexton entered first pulling the gurney. Taylor followed at the rear of the gurney. As Sexton turned the corner to enter the hallway to the emergency room, Taylor slipped and fell. Sexton was unaware Taylor had fallen until he turned and saw Taylor getting up from the floor. Thus, no evidence was presented by Taylor to show BRMC had actual or constructive knowledge of any water on the floor before Sexton and Taylor entered the hallway to the emergency room with the stretcher. "[M]erely proving the occurrence of an accident within the business premises is insufficient to prove liability." Id.
¶ 11. Because Taylor failed to provide evidence indicating BRMC was negligent, summary judgment in favor of Biloxi Regional Medical Center was appropriate. The judgment of the trial court granting summary judgment in favor of Biloxi Regional Medical Center is affirmed.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY GRANTING SUMMARY JUDGMENT FOR BILOXI REGIONAL MEDICAL CENTER IS AFFIRMED. ALL COSTS OF APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., COLEMAN, IRVING, LEE, AND THOMAS, JJ., CONCUR.
DIAZ AND PAYNE, JJ., NOT PARTICIPATING.
NOTES
[1] This Court is unable to determine the actual date of the accident from the record. The complaint filed by Taylor states the date of the slip and fall as March 18, 1995. However, the incident report completed by Taylor and made an exhibit to his deposition shows the accident occurred on May 9, 1995.