757 So.2d 1098 (2000)
Ruby L. Singleton ROBINSON and Clint Robinson, Appellants,
v.
E.C. RATLIFF, III and Ann Johnson d/b/a Veils By Ann, Appellees.
No. 1999-CA-00708-COA.
Court of Appeals of Mississippi.
May 9, 2000.
*1099 Ceola James, Johnnie E. Walls, Jr., Greenville, Attorneys for Appellants.
F. Hall Bailey, Ridgeland, Roy A. Smith, Jr., Canton, Debbie Goswami James William Manuel, Jackson, Attorneys for Appellees.
BEFORE KING, P.J., PAYNE, AND THOMAS, JJ.
PAYNE, J., for the Court:

PROCEDURAL HISTORY
¶ 1. This is an appeal from the Circuit Court of the First Judicial District of Hinds County wherein summary judgment was granted in favor of both Ann Johnson, d/b/a "Veils By Ann," and E.C. Ratliff, III. After entry of such judgments, appellants Ruby L. Singleton Robinson and Clint Robinson filed a motion to vacate judgment against Johnson d/b/a "Veils by Ann," which was overruled. Appellants also filed a motion for rehearing against Ratliff, which was denied. Appellants now appeal such overruling of the motion to vacate and denial of petition for rehearing, claiming the grant of summary judgment in favor of both appellees was improper.

FACTS
¶ 2. This is a "slip and fall" case. Ruby Singleton Robinson (Ruby) fell under the shed portion of a building located at 308 East College Street in Clinton, Mississippi. The building is owned by E.C. Ratliff, III, and is leased to Fancy Formals, who is not a party to this suit. Fancy Formals subleased the back part of the building to "Veils By Ann," which is operated by Ann Johnson. Ratliff and Johnson are appelless *1100 in this case. The circuit court granted summary judgment in favor of Ratliff saying Ruby offered no evidence whatsoever to prove Ratliff had notice of any dangerous condition on his property, such notice being required to establish liability for Ruby's injuries, as Ruby was a business invitee.
¶ 3. In granting summary judgment in favor of Johnson, the trial judge stated the appellants failed to establish proof of Johnson's ownership, possession, or control over said premises. The judge said since Johnson was only a subleasor and not an owner, Johnson owed no duty to Ruby and, thus, cannot be liable for Ruby's injury.
¶ 4. Clint Robinson, Ruby's husband and co-appellant in this action, sued for loss of consortium due to Ruby's injuries. Though not addressed specifically in the summary judgment order favoring Ratliff, we presume the judge used the same reasoning as he did in the claim against Johnson wherein he stated that since Clint's claim derived from Ruby's now-dismissed claims, Clint could not recover either. Finding both summary judgments to have been properly entered, we affirm.

ARGUMENT AND DISCUSSION OF THE LAW

STANDARD OF REVIEW
¶ 5. With this appeal, appellants Ruby Singleton Robinson and Clint Robinson argue the trial court incorrectly granted summary judgment in favor of both appellee Ann Johnson, d/b/a "Veils By Ann," and appellee E.C. Ratliff, III.
¶ 6. We review the familiar standards regarding summary judgment.
Summary judgment may be appropriately entered by a trial court "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." All that is required of a nonmoving party to survive a motion for summary judgment is to establish a genuine issue of material fact by the means available under ... Miss. R. Civ. P. 56(c).
Spartan Foods Systems, Inc. v. American Nat'l Ins. Co., 582 So.2d 399, 402 (Miss. 1991) (citations omitted). "We employ a de novo standard of review in reviewing a lower court's grant of summary judgment." Seymour v. Brunswick Corp., 655 So.2d 892, 894 (Miss.1995). In our review of the trial court's ruling on summary judgment, we review evidentiary matters in the light most favorable to the nonmoving party, giving him the benefit of every reasonable doubt. If no genuine issue of material fact exists, then summary judgment is affirmed; if such a material fact does exist, we reverse. Id.
A motion for summary judgment lies only when there is no genuine issue of material fact; summary judgment is not a substitute for the trial of disputed fact issues. Accordingly, the court cannot try issues of fact on a Rule 56 motion; it may only determine whether there are issues to be tried.
Id. (citing Newman v. Newman, 558 So.2d 821 (Miss.1990)).
¶ 7. Both of appellants' issues regard the trial court's grant of summary judgment. Applying the de novo review, we find no triable issues of fact and affirm the trial court's grant of summary judgment in favor of both appellees.

ANALYSIS OF THE ISSUES PRESENTED.

I. WHETHER THE APPELLEE, ANN JOHNSON, D/B/A "VEILS BY ANN," WAS ENTITLED TO A SUMMARY JUDGMENT.
¶ 8. Appellants argue that summary judgment was improper against Johnson since ownership and liability were issues of fact to be tried by a jury, not to be summarily dismissed by a judge. The trial judge found no genuine issue of material *1101 facts existed in the case against Ann Johnson. Appellant argues that in granting summary judgment, the trial court substituted its judgment for the jury, stating ownership of the property was an issue of fact a jury was to decide. This argument is erroneous.
An owner or operator of a business still owes a duty to an invitee to exercise reasonable or ordinary care to keep the premises in a reasonably safe condition or warn of dangerous conditions not readily apparent, which owner or occupant knows of, or should know of, in the exercise of reasonable care.
Fulton v. Robinson Ind., 664 So.2d 170, 175 (Miss.1995) (citing Jerry Lee's Grocery, Inc. v. Thompson, 528 So.2d 293 (Miss.1988)).
¶ 9. Though Johnson, not an owner, can be assigned a duty as an operator of a business, the facts show Ruby was not injured outside of Johnson's business, but was injured outside of Fancy Formals, which was on the other side of the building from Johnson's business, "Veils by Ann." Such being the case, Fancy Formals is the business that was under a duty to care for the areas outside its business, which in fact was the area where Ruby was injured.
¶ 10. The rule cited above only requires that proprietors keep their business in reasonably secure or safe conditions. Even were this duty to apply to appellee as operator of her business, there is no evidence whatsoever that such duty was in any way breached. The facts state the appellant was running in and out of cars in the rain and ran up under a shed to shelter herself when she slipped and fell on a step. Nowhere in her deposition statements, her complaint, nor her brief does Ruby allege what unsafe condition actually caused her to fall. Without such evidence, the judge cannot infer some duty was breached, thus presenting a genuine issue of material fact for the jury to decide.
¶ 11. Further, though no duty has been established for Johnson, even were such duty to attach, the test for evading summary judgment for this slip-and-fall case has not been met:
To prove that the operator was negligent, the plaintiff must show either (1) that the operator caused the dangerous condition, or, (2) if the dangerous condition was caused by a third person unconnected with the store operation, that the operator had either actual or constructive knowledge of the dangerous condition. Constructive knowledge is established by proof that the dangerous condition existed for such a length of time that, in the exercise of reasonable care, the proprietor should have known of that condition.
Taylor v. Biloxi Reg'l Med. Ctr., 737 So.2d 435 (¶ 5) (Miss.Ct.App.1999) (citations omitted). Nowhere in their briefs or depositions do appellants cite any facts showing what the alleged dangerous condition was that caused the alleged dangerous condition or that a third party caused such alleged condition, nor that Johnson had constructive knowledge of any such condition. Thus, the circuit court judge was left with no decision but to conclude there existed no such evidence, thus presenting no issue to be tried. For these reasons, summary judgment was proper in favor of Johnson, and we affirm.

II. WHETHER THE APPELLEE, E.C. RATLIFF, III, WAS ENTITLED TO A SUMMARY JUDGMENT.
¶ 12. Since Ratliff was the actual owner of the property on which the accident occurred. We first look to Ratliff's duty as owner of the property.
The law of premises liability is that the owner or occupier of a business owes a duty to an invitee to exercise reasonable or ordinary care to keep the premises in a reasonably safe condition or warn of dangerous conditions not readily apparent, which owner or occupant knows of, or should know of in the exercise of reasonable care. However, the owner or occupant of a business is not an insurer *1102 of all injuries. "The invitee is still required to use in the interest of his own safety that degree of care and prudence which a person of ordinary intelligence would exercise under the same or similar circumstance." [M]erely proving the occurrence of an accident within the business premises is insufficient to prove liability; rather, the plaintiff must demonstrate that the operator of the business was negligent.

Taylor, 737 So.2d at 437 (¶ 5) (emphasis added).
¶ 13. Acting with the degree of care and prudence which a person of ordinary intelligence would exercise under the same or similar circumstance, we can only presume the weather conditions led to Ruby's injury, since Ruby has not presented any evidence showing the premises were in an unsafe condition, merely asserting that she did not know what caused the accident. Ruby has not shown Ratliff caused the injury or that Ratliff had any knowledge of any such dangerous condition. Without even a hint of evidence to review in support of the contrary, the judge correctly found that no triable issue of fact existed for the jury and properly granted summary judgment in favor of Ratliff.
¶ 14. As stated before, Ruby is unable to establish exactly what defect with the premises actually caused her injury. As well, she is essentially arguing that merely by virtue of his being owner, Ratliff is negligent and liable for her injuries. By virtue of the test previously enunciated in Taylor, no liability has attached to Ratliff.
¶ 15. With no evidence to apply to the test, we do not find there existed a triable fact for a jury. Summary judgment was proper in favor of Ratliff, and we affirm.

CONCLUSION
¶ 16. Finding no genuine issues of fact for a jury to try, we affirm the decision of the circuit court on both issues.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO APPELLANTS.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, MOORE, AND THOMAS, JJ., CONCUR.
IRVING, J., NOT PARTICIPATING.