877 So.2d 519 (2004)
Bobbie McINTOSH, Appellant,
v.
VICTORIA CORPORATION d/b/a The Nail Shop, Appellee.
No. 2002-CA-01486-COA.
Court of Appeals of Mississippi.
January 6, 2004.
Rehearing Denied March 30, 2004.
Certiorari Denied July 15, 2004.
*520 Laurel G. Weir, Philadelphia, attorney for appellant.
Eric Foster Hatten, attorney for appellee.
Before McMILLIN, C.J., IRVING and MYERS, JJ.
MYERS, J., for the Court.
¶ 1. Bobbie McIntosh appeals from a summary judgment motion granted by the Lauderdale County Circuit Court in favor of Victoria Corporation d/b/a The Nail Shop. On August 4, 1999, McIntosh filed a negligence lawsuit against Victoria Corporation to recover for injuries she allegedly sustained after developing a fungus on her fingernails. On April 5, 2002, a motion for summary judgment was made by Victoria Corporation. McIntosh filed a motion for judgment against Victoria Corporation. The trial court granted summary judgment for Victoria Corporation after it determined that McIntosh failed to establish the applicable duty of care, breach of duty and causation of her injuries. The trial judge imposed $250 in sanctions on McIntosh for filing a frivolous motion. From the trial court's granting of Victoria Corporation's summary judgment motion and imposition of sanctions, McIntosh appeals and raises three issues.

*521 ISSUES PRESENTED
I. Did the trial court err by granting summary judgment for Victoria Corporation?
II. Did the trial court err by holding that discovery documents should not be filed with the court?
III. Did the trial court err by imposing sanctions on Bobbie McIntosh?

STATEMENT OF FACTS
¶ 2. Bobbie McIntosh was a patron of Victoria Corporation during March of 1998. During that time, nail technicians at Victoria Corporation placed artificial fingernails on McIntosh's fingers. Some time afterwards, McIntosh had the artificial nails removed from her fingers due to a fungus that developed under two of her nail beds. McIntosh sought medical treatment from two physicians because of the nail fungus. On August 4, 1999, McIntosh filed a complaint against Victoria Corporation alleging that Victoria Corporation was negligent in its application and treatment of the artificial nails. McIntosh specifically alleged that Victoria Corporation negligently used the same container of solution in treating her nails that it used on other customers.
¶ 3. On April 5, 2002, Victoria Corporation filed a summary judgment motion against McIntosh alleging that McIntosh failed to establish the applicable standard of care or a breach of the standard of care by Victoria Corporation. Victoria Corporation further alleged that McIntosh failed to provide any medical proof that would establish the cause of her injury. On August 2, 2002, the trial court held a hearing on the motion for summary judgment, and at that time, the trial judge granted McIntosh additional time to file an affidavit from a physician stating a medical opinion on the cause of McIntosh's nail fungus. McIntosh failed to file an affidavit signed by a licensed physician and instead chose to file a pleading in opposition to motion for summary judgment with a copy of her medical records attached. The medical records did not contain any information as to the cause of McIntosh's nail fungus.
¶ 4. On the date of the hearing on the motion for summary judgment, the trial court heard a motion for judgment filed by McIntosh against Victoria Corporation. The basis for McIntosh's motion was that Victoria Corporation did not answer her requests for discovery. Victoria Corporation answered that it did respond to discovery in August of 1999. Victoria Corporation attached copies of its responses, along with the notice of service of discovery that was filed with the court on October 14, 1999. Victoria Corporation asserted that McIntosh's motion was frivolous, lacked merit and should therefore be dismissed. Victoria Corporation requested $1,500 in sanctions against McIntosh for attorney's fees incurred responding to her motion.
¶ 5. The trial court granted Victoria Corporation's motion for summary judgment on the ground that McIntosh failed to present any evidence, medical or otherwise, proving that Victoria Corporation breached any duty it owed to McIntosh or that such breach caused McIntosh's injury; consequently, there were no genuine issues of material fact. The trial court found McIntosh's motion for judgment against Victoria Corporation to be frivolous and without merit. During the hearing, McIntosh asserted that the basis for her motion was that discovery documents were not filed with the court. The trial judge took judicial notice of Rule 5(d) of the Mississippi Rules of Civil Procedure which states that "discovery papers need not be filed until used with respect to any proceeding. Proof of service of any paper shall be upon certificate of the same." The trial court *522 found that Victoria Corporation complied with Rule 5(d) and McIntosh was fined $250 which represented a portion of the amount of attorney's fees expended to defend the motion.
¶ 6. McIntosh appeals the trial court's granting of summary judgment for Victoria Corporation and the court's imposition of sanctions against her. McIntosh also raises the question of whether the trial court erred by holding that discovery documents need not be filed with the court. Finding no genuine issue of material fact and that the defendant is entitled to a judgment as a matter of law, we affirm the trial court's grant of summary judgment for Victoria Corporation. We find that the trial court was correct in its interpretation of Rule 5(d) of the Mississippi Rules of Civil Procedure. We also affirm the trial court's imposition of sanctions in the amount of $250.

STANDARD OF REVIEW
¶ 7. When reviewing a lower court's granting of summary judgment, this court employs a de novo standard of review. Young v. Wendy's Int'l, Inc., 840 So.2d 782, 783(¶ 3) (Miss.Ct.App.2003) (citing Hudson v. Courtesy Motors, 794 So.2d 999, 1002(¶ 7) (Miss.2001)). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Piggly Wiggly of Greenwood, Inc. v. Fipps, 809 So.2d 722, 725(¶ 9) (Miss.Ct.App.2001) (citing M.R.C.P. 56(c); Singleton v. Ratliff, 757 So.2d 1098(¶ 6) (Miss.Ct.App.1999)). The burden rests on the moving party to show that no genuine issue of material fact exists, while the benefit of reasonable doubt is given to the non-moving party. Young, 840 So.2d at 784. Also, "the trial court must view all the evidence in the light most favorable to the non-movant." Id. (citing Brown v. Credit Ctr., Inc., 444 So.2d 358, 363 (Miss.1983)). The non-moving party cannot sit back and produce no evidence. To survive summary judgment, the non-moving party must offer "significant probative evidence demonstrating the existence of a triable issue of fact." Id. (citing Newell v. Hinton, 556 So.2d 1037, 1041-42 (Miss.1990)).

LEGAL ANALYSIS

I. DID THE TRIAL COURT ERR BY GRANTING SUMMARY JUDGMENT FOR VICTORIA CORP.?
¶ 8. McIntosh asserts that the trial judge improperly granted summary judgment for Victoria Corporation. McIntosh argues she made out a prima facie case of negligence and as such should have been afforded a jury trial. The trial court granted summary judgment for Victoria Corporation because McIntosh failed to establish the applicable standard of care, breach of duty owed to her and causation for her injury.
¶ 9. McIntosh's claim is one of negligence. She alleged in her complaint and appellate brief that Victoria Corporation was negligent in the application and treatment of her artificial nails. McIntosh specifically alleged that Victoria Corporation used the same container of liquid solution to treat her nails that it used on other customers, thus creating an unsanitary condition. The plaintiff's burden of proof for a negligence claim is well established. "To prevail on a negligence claim, a plaintiff must prove by a preponderance of the evidence each element of negligence: duty, breach of duty, proximate causation and injury." K-Mart Corp. v. Hardy ex rel. Hardy, 735 So.2d 975, 981 (¶ 14) (Miss.1999).
*523 ¶ 10. To survive summary judgment, McIntosh needed first to establish the applicable standard or duty of care. "Duty and breach of duty are essential to finding negligence and must be demonstrated first." Donald v. Amoco Prod. Co., 735 So.2d 161, 174 (¶ 42) (Miss.1999) (citing Strantz v. Pinion, 652 So.2d 738, 742 (Miss.1995)). McIntosh alleged in her complaint that she was a customer of Victoria Corporation during March of 1998. McIntosh also provided two sworn affidavits stating that she was a customer, one from herself and one from Samantha Roberts, an artificial nail technician who had been treating McIntosh's nails for some time. However, McIntosh went no further in explaining the duty owed to her by Victoria Corporation.
¶ 11. The standard of care in cases of alleged negligent conduct is whether the party charged with the negligent conduct acted as a reasonable and prudent person would under like circumstances. Hankins Lumber Co. v. Moore, 774 So.2d 459, 464 (¶ 12) (Miss.Ct.App.2000) (citing Donald, 735 So.2d at 174)). If the conduct of the defendant is reasonable given the foreseeable risks, the defendant is not negligent and there is no liability. Id. The defendant must take reasonable steps to remove or protect against foreseeable risks that he knows about or should know about in the exercise of due care. Id.
¶ 12. In the case sub judice, Victoria Corporation's duty to McIntosh was to use reasonable care in the application of the artificial nails in such a way not to expose McIntosh to injury through any means known to Victoria Corporation or by which Victoria Corporation, in the exercise of reasonable care should have known. McIntosh, as the plaintiff, bore the responsibility to offer proof on this issue and she failed to do so.
¶ 13. McIntosh was also required to offer proof on the breach of duty by Victoria Corporation. McIntosh alleges that Victoria Corporation was negligent in its application and treatment of her artificial nails. To support her argument, McIntosh presented the trial court with affidavits from herself and Samantha Roberts, an artificial nail applicator. McIntosh's own affidavit and the affidavit of Samantha Roberts offered no proof of a breach by Victoria Corporation. Both affidavits made mere conclusory statements that Victoria Corporation was negligent. Roberts' affidavit states that she has been a nail technician for four and one-half years, yet it provides no standard of care for the application of artificial nails, nor does she allege any breach of duty. It simply states that anti-fungal liquid was not applied properly and the artificial nails were left on too long. Roberts did not offer any evidence on the standards in the nail industry for treating nail fungus or on how long artificial nails should typically be left on before removal. The trial judge was correct in holding that McIntosh failed to offer proof on how Victoria Corporation breached its duty so as to create a genuine issue of material fact.
¶ 14. The trial judge also stated that McIntosh failed to offer proof of causation. In order to survive summary judgment, McIntosh must offer proof that a breach by Victoria Corporation was the proximate cause of her injury. Sample v. Haga, 824 So.2d 627, 632(¶ 8) (Miss.Ct.App.2001). Proximate cause is defined as the "cause which in natural and continuous sequence unbroken by any efficient intervening cause produces the injury and without which the result would not have occurred." Id. (citing Delahoussaye v. Mary Mahoney's, Inc., 783 So.2d 666, 671(¶ 13) (Miss.2001)).
*524 ¶ 15. McIntosh was placed on notice that she must offer proof of causation because the trial judge instructed her to provide an affidavit from a licensed physician linking the alleged negligence of Victoria Corporation to her injury. McIntosh failed to provide the affidavit to the trial judge. In her own deposition, McIntosh states that her treating physician never told her the cause of her medical condition. McIntosh supplied the trial court with her own affidavit and Samantha Roberts' affidavit. Neither document links McIntosh's injury to the actions of Victoria Corporation. McIntosh also supplied the trial court with her medical records from two treating physicians. The cause of her injuries was not contained in the medical records. The trial court was correct in stating that McIntosh did not offer sufficient evidence of causation.
¶ 16. To determine whether a summary judgment motion was properly granted, we look to the pleadings, depositions, admissions, answers to interrogatories, and affidavits of each claim. M.R.C.P. 56(c). In the case, sub judice, the trial court committed no error by granting the summary judgment motion for Victoria Corporation. McIntosh failed to sustain her burden of proof by showing that genuine issues of material fact existed for the court's consideration on duty of care, breach of duty and causation.

II. DID THE TRIAL COURT ERR BY HOLDING THAT DISCOVERY DOCUMENTS SHOULD NOT BE FILED WITH THE COURT?
¶ 17. McIntosh asserts that discovery documents such as requests for admission and answers to interrogatories must be filed with the circuit clerk of court in which the matter is pending. In her appellate brief, McIntosh asserts that this issue is governed by Mississippi Rule of Civil Procedure 36. The trial judge took judicial notice of Rule 5(d) of the Mississippi Rules of Civil Procedure which states, "discovery papers need not be filed until used with respect to any proceeding. Proof of service of any paper shall be upon certificate of the person executing the same." In his memorandum opinion, the trial judge stated, "There is no requirement for full-blown discovery to be filed in the Court file." Victoria Corporation offered to the trial court its answers to McIntosh's requests for admissions and interrogatories along with the certificate of service. Also, Victoria Corporation provided the trial court with a filed copy of its notice of service of discovery.
¶ 18. If McIntosh had any complaints about Victoria Corporation not responding to its discovery requests, perhaps the better choice would have been to file a motion to compel with the court according to Rule 37 of the Mississippi Rules of Civil Procedure. The trial court did not commit error by holding that discovery documents need not be filed with the court. According to Rule 5(d) of the Mississippi Rules of Civil Procedure, it was adequate for Victoria Corporation to file a notice of service of discovery with the court. This issue is without merit.

III. DID THE TRIAL COURT ERR BY IMPOSING SANCTIONS ON BOBBIE MCINTOSH?
¶ 19. McIntosh asserts that the trial judge committed error by imposing sanctions against her. McIntosh argues that she made out a prima facie case of negligence and should not be penalized for seeking relief. The trial judge found McIntosh's motion on the filing of the discovery documents to be frivolous and as such ordered McIntosh to pay Victoria Corporation $250 which represents a portion of the attorney's fees expended to defend McIntosh's frivolous motion.
*525 ¶ 20. Our standard of review on a trial court's decision to impose sanctions is abuse of discretion. Hemba v. Miss. Dept. of Corr., 848 So.2d 909, 915 (¶ 22) (Miss.Ct.App.2003). The trial judge found McIntosh's motion for judgment frivolous and without merit. He imposed the sanctions based on this conclusion. The wording in his memorandum opinion mirrors the language of Rule 11(b) of the Mississippi Rules of Civil Procedure. Rule 11(b) states, "If any party files a motion or pleading which, in the opinion of the court, is frivolous or is filed for the purpose of harassment or delay, the court may order such a party, or his attorney, or both, to pay to the opposing party or parties the reasonable expenses incurred by such other parties and by their attorneys, including reasonable attorneys' fees." M.R.C.P. 11(b). A motion or pleading is considered frivolous under Rule 11 when the pleader or movant has no chance of success. Little v. Collier, 759 So.2d 454, 458 (¶ 20) (Miss.2000).
¶ 21. During the hearing on McIntosh's motion for summary judgment and Victoria Corporation's motion for summary judgment, the trial judge considered the merits of each argument. The trial judge was correct in holding that Victoria Corporation was not obligated to file all discovery documents with the court pursuant to Mississippi Rule of Civil Procedure 5(d). As such, from the pleadings it was clear that the basis of McIntosh's motion was frivolous because it had no chance of success. According to Rule 11(b) of the Mississippi Rules of Civil Procedure, the trial court did not abuse its discretion by imposing sanctions of $250 on McIntosh for filing a frivolous and non-meritorious motion.
¶ 22. THE JUDGMENT OF THE CIRCUIT COURT OF LAUDERDALE COUNTY IS AFFIRMED. ALL COSTS OF APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, CHANDLER AND GRIFFIS, JJ., CONCUR.