CARLTON, J.,
concurring in part and dissenting in part:
¶ 33. I concur with the majority’s reversal of the trial court’s grant of summary judgment against Lee’s claim for the medical expenses she incurred in obtaining communicable-disease testing. Lee claims that she incurred these costs for medical testing because a used needle punctured her skin due to the alleged negligence of G & K.
*498 ¶ 34. I dissent, however, from the remainder of the majority’s decision. A dispute of material fact exists in this case regarding Lee’s claims for emotional-distress damages, and I respectfully submit that this determination of damages falls within the province of the jury. Therefore, I would also reverse the trial court’s grant of summary judgment as to Lee’s claim for emotional-distress damages she suffered during the six months of communicable-disease testing following the needle puncture. The jury should determine the reasonableness of Lee’s damages, including her emotional-distress damages, since Lee claims that these damages were proximately caused[3] by the needle puncture, an injury.
¶ 35. In response to G & K’s renewed motion for summary judgment, Lee presented the court with an affidavit from Dr. Joel Nitzkin, a public health physician, describing the futility of testing needles for the presence of viruses. Significantly, in his affidavit, Dr. Nitzkin recognized that if the original needle user is not known, then the victim’s blood is to be tested over the six-month period following exposure. However, in granting summary judgment, the trial court in this case found the lack of testing of the needle dispositive even though Lee’s expert, Dr. Nitzkin, opined in his affidavit that following a puncture from a used needle of an unknown user, testing of the victim is required. Jurisprudence has recognized the scientific principle attested to by Dr. Nitzkin, that testing a needle of an unknown user was futile. As such, Lee would have to undergo six months of medical testing. See Brown v. N.Y. City Health & Hosp. Corp., 225 A.D.2d 36, 41, 648 N.Y.S.2d 880 (N.Y.App.Div.1996) (expert testimony submitted showing that HIV cannot live on a surface exposed to air for more than a few hours).
¶ 36. This case differs from the case relied upon by the trial court, Leaf River Forest Products, Inc. v. Ferguson, 662 So.2d 648 (Miss.1995), in two significant ways. First, Lee suffered an actual physical injury of a puncture by a used needle that she claims proximately caused her injury, whereas in Leaf River, no physical contact was alleged. See id. at 658. Second, Lee seeks damages for the emotional distress she suffered during the six months of communicable-disease testing, and she does not seek the damages sought by the plaintiffs in Leaf River for the fear of contracting future disease. See id.
1Í 37. In South Central Regional Medical Center v. Pickering, 749 So.2d 95, 102 (¶ 17) (Miss.1999), the Mississippi Supreme Court explained that in order to make a prima facie case a plaintiff must establish: (1) “the defendant owed a duty to the plaintiff to protect her from exposure to diseases”; (2) “the defendant breached that duty by negligently[4] allowing or causing a medically recognized instrument or channel of transmission to come into physical contact with the plaintiff’; (3) “the resulting emotional injury was a foreseeable result of that breach”; and (4) “there *499 was, in fact, an emotional injury[,]” (Footnote added). In this case, Lee met this burden, and I submit that the factual question of the reasonableness and foreseeability of her damages belongs within the province of the jury as the finders of fact. See id. at 99 (¶ 9) (“We have before found that emotional distress inflicted either negligently or intentionally is compensable.”) (quotation omitted).
¶ 38. The Pickering court further found that the “window of anxiety” was limited to the time between when the plaintiff learned of the possible exposure and the receipt of conclusive negative test results. Id. at 103 (¶¶ 20-21). Consistent with the window-of-anxiety approach described by the supreme court in Pickering, other jurisdictions have addressed recovery for emotional-distress claims based on a fear of contracting a disease. These jurisdictions similarly have found reasonable the recovery of emotional-distress damages suffered for the six months of testing following a needle puncture. See, e.g., Marchica v. Long Island R.R. Co., 31 F.3d 1197, 1207 (2d Cir.1994); Murphy v. Abbott Lab., 930 F.Supp. 1083, 1087 (E.D.Pa. 1996) (finding recovery permissible for a needle stick); Doe v. Northwestern Univ., 289 Ill.App.3d 39, 224 Ill.Dec. 584, 682 N.E.2d 145, 152 (1997) (“[Pjlaintiffs who fear that they have contracted AIDS because of a defendant’s negligence should recover damages for the time in which they reasonably feared a substantial, medically verifiable possibility of contracting AIDS.”)[5]; Madrid v. Lincoln County Med. Ctr., 122 N.M. 269, 923 P.2d 1154, 1163 (1996); Brown, 225 A.D.2d at 48-49, 648 N.Y.S.2d 880 (holding that the defendant’s breach of duty constituted a fact question for the jury, and recovery would be allowed for the plaintiffs emotional-distress claim for the first six months following the needle stick).
¶ 39. “To survive summary judgment, [Lee] needed first to establish the applicable standard or duty of care.” McIntosh v. Victoria Corp., 877 So.2d 519, 523 (¶ 10) (Miss.Ct.App.2004). “Duty and breach of duty are essential to finding negligence and must be demonstrated first.” Id. (citation omitted). In eases of alleged negligent conduct, the standard of care is “whether the party charged with the negligent conduct acted as a reasonable and prudent person would under like circumstances.” Id. at (¶ 11) (citing Hankins Lumber Co. v. Moore, 774 So.2d 459, 464 (¶ 12) (Miss.Ct.App.2000)). “If the conduct of the defendant is reasonable given the foreseeable risks, the defendant is not negligent and there is no liability.” Id. (citation omitted). “The defendant must take reasonable steps to remove or protect against foreseeable risks that he knows about or should know about in the exercise of due care.” Id. (citation omitted).
¶ 40. “Summary judgment is appropriate when ‘the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.’ ” Id. at 522 (¶ 7) (quoting Piggly Wiggly of Greenwood, Inc. v. Fipps, 809 So.2d 722, 725 (¶ 9) (Miss.Ct.App.2001)). “Our appellate standard for reviewing the grant or denial of summary judgment is the same standard as that of the trial court under Rule 56(c) of the Mississippi Rules of Civil Procedure.” Partin v. N. Miss. Med. Ctr., Inc., 929 So.2d 924, 928 (¶ 13) (Miss.Ct.App.2005) (quoting Williamson ex rel. Williamson v. Keith, 786 So.2d 390, 393 (¶ 10) (Miss.2001)). We utilize a de *500 novo standard of review when considering a trial court’s grant or denial of summary judgment. Id. “The evidence must be viewed in the light most favorable to the party against whom the motion has been made.” Id. The burden of demonstrating that no genuine issues of material fact exist is on the moving party. Id.
1Í41. In applying the applicable standard for summary judgment to the facts of this case, I submit that genuine issues of material fact exist sufficient to survive summary judgment. Since damages fall within the province of the jury to determine, I would reverse the trial court’s grant of summary judgment and remand the case for further proceedings.
RUSSELL, J., JOINS THIS OPINION.

. "Proximate cause is defined as the ‘cause which in natural and continuous sequence unbroken by any efficient intervening cause produces the injury and without which the result would not have occurred.' ” McIntosh v. Victoria Corp., 877 So.2d 519, 523 (¶ 14) (Miss.Ct.App.2004) (citation omitted).

. The elements of a negligence action are well-settled in Mississippi. A plaintiff in a negligence suit must prove by a preponder-anee of the evidence duty, breach of duty, causation, and injury. McIntosh, 877 So.2d at 522 (¶ 9). To recover, a plaintiff must prove causation in fact and proximate cause. See Jackson v. Swinney, 244 Miss. 117, 124, 140 So.2d 555, 557 (1962). "Foreseeability is an essential element of both duty and causation.” Delahoussaye v. Mary Mahoney's, Inc., 783 So.2d 666, 671 (¶ 13) (Miss.2001).

. See also Debbie E. Lanin, Note, The Fear of Disease as a Compensable Injury: An Analysis of Claims Based on AIDS Phobia, 67 St. John’s L. Rev. 77 (1993).