MAXWELL, J.,
dissenting:
¶ 22. The majority holds material factual disputes exist because it is unclear from the record who deposited the debris in the roadway. But it was not Turtle Creek or TLW’s burden, as the defendants, to provide evidence that someone else was responsible for the debris in the roadway. Rather, to survive summary judgment, Patterson had the burden, as the plaintiff, to provide sufficient probative evidence that either Turtle Creek or TLW was responsible for the dangerous condition on Cross Creek Parkway. Because I agree with the trial judge that Patterson did not present sufficient evidence to establish either Turtle Creek or TLW was negligent, I dissent. I would affirm the trial judge’s grant of summary judgment in favor of Turtle Creek and TLW.
¶23. “Summary judgment must be granted when the nonmoving party ‘fails to make a showing sufficient to establish the existence of an element essential to his case and on which he bears the burden of proof at trial.’ ” Chevis v. Miss. Farm Bureau Mut. Ins. Co., 76 So.3d 187, 190 (¶ 7) (Miss.Ct.App.2011) (quoting Borne v. Dunlop Tire Corp., 12 So.3d 565, 570 (¶ 16) (Miss.Ct.App.2009)). In his negligence claims against both Turtle Creek and TLW, Patterson had the burden to “prove by a preponderance of the evidence each element of negligence: duty, breach of duty, proximate causation and injury.” McIntosh v. Victoria Corp., 877 So.2d 519, 522 (¶9) (Miss.Ct.App.2004) (quoting K-Mart Corp. v. Hardy ex rel. Hardy, 735 So.2d 975, 981 (¶ 14) (Miss.1999)).
¶ 24. Because the “basis of liability is negligence and not injury,” Sears, Roebuck & Co. v. Tisdale, 185 So.2d 916, 917 (Miss. 1966), it was not enough for Patterson to prove an accident occurred “in the area” where TLW was working on Turtle Creek’s property to establish a negligence claim against these defendants. Majority Opinion, at (¶ 11). “Duty and breach of duty are essential to finding negligence and must be demonstrated first.” Donald v. Amoco Prod. Co., 735 So.2d 161, 174 (¶ 42) (Miss.1999) (citation omitted). And I agree with the trial judge that Patterson failed to establish either defendant owed him a duty.
¶ 25. TLW was an independent contractor for Turtle Creek. Thus, Turtle Creek could not be vicarious liable for TLW’s negligence. See Chisolm v. Miss. Dep’t of Transp., 942 So.2d 136, 144 (¶ 17) (Miss. 2006). Patterson had the burden to establish an independent negligence claim against Turtle Creek. As the owner of land adjacent to Cross Creek Parkway, a public roadway, Turtle Creek “[was] not subject to liability for physical harm caused to travelers upon the highway ... by [its] failure to exercise reasonable care (a) to maintain the highway ... in safe condition for their use, or (b) to warn them of dangerous conditions” it did not create but did know about. Martin v. Flanagan, 818 So.2d 1124, 1128 (¶ 17) (Miss.2002) (citing Restatement (Second) of Torts § 349). Thus, Patterson’s evidence that a dangerous condition existed on the parkway next to Turtle Creek’s property was insufficient to impose a duty on Turtle Creek to keep the parkway free of debris or warn motorists of the debris, even if Turtle Creek knew about it. See id.
*358 ¶26. Similarly, Patters on failed to establish TLW owed him a duty. Patterson alleged TLW had a duty to warn him of the dangerous condition on Cross Creek Parkway, a public road. But this duty only arose if TLW created or exacerbated the dangerous condition — the debris on the parkway. See Higginbotham v. Hill Bros. Constr. Co., Inc., 962 So.2d 46, 61 (¶ 42) (Miss.Ct.App.2006). Thus, to establish a duty to warn, Patterson had the burden to present sufficient evidence TLW was responsible for the debris being on the parkway on November 18.
¶ 27. The fact that “there was no evidence that anyone else could be responsible for debris in the roadway,” Majority Opinion, at (¶ 11), is not a reason to reverse summary judgment. This is not a case where Patterson can rely on the narrow doctrine of res ipsa loquitur to prove duty and breach because neither Turtle Creek nor TLW had exclusive control of Cross Creek Parkway. See Read v. S. Pine Elec. Power Ass’n, 515 So.2d 916, 919-20 (Miss.1987) (listing the three elements of res ipsa loquitor, the first being “the instrumentality causing the damage must be under the exclusive control of the defendant”). I find the majority, by relying on the lack of evidence that someone else caused the debris to be on the parkway, inappropriately shifts the burden of proof to TLW to show someone else created the hazardous condition. The question is not whether TLW or Turtle Creek can indisputably prove someone else was the cause of the debris. Instead, the question is whether Patterson presented sufficient evidence TLW or Turtle Creek was the cause of the debris.
¶ 28. As the majority points out, Patterson and Sorrels testified in their depositions they did not have any evidence of how the debris had gotten onto the parkway or how long it had been there. Majority Opinion, at (¶ 12). The majority is correct that Patterson’s evidence can be circumstantial. “However, the circumstantial evidence must be such that it creates a legitimate inference that places it beyond conjecture.” Herrington v. Leaf River Forest Prods., 738 So.2d 774, 777 (¶ 8) (Miss.1999) (citing Hardy v. K Mart Corp., 669 So.2d 34, 38 (Miss.1996)). At most Patterson can show TLW was working on the west side of the parkway, with its work on the haul road coming not closer than a couple of hundred feet of the accident site.[4] I agree with the trial judge that this is not sufficient evidence to reasonably infer TLW was the cause of the debris on the parkway.
¶ 29. Evidence that TLW was working “in the area” was not enough to establish duty. See Majority Opinion, at (¶ 11). In Higginbotham, 962 So.2d at 56 (¶ 23), this court rejected plaintiffs call to “place an affirmative duty upon [a construction company] simply because the company was working in the area of the [accident], and allegedly had notice of [the dangerous condition on the road].” (Emphasis added). The trial judge relied on Higginbotham to find TLW had no such duty toward Patterson. Because I see no error in this finding, I would affirm.
GRIFFIS, P.J., AND BARNES, J., JOIN THIS OPINION.

. TLW's work after the accident eventually connected the haul road on the west side of the parkway to the east side.