777 So.2d 50 (2000)
Mary Ann JOINER, Appellant,
v.
Katherine B. HALEY, Appellee.
No. 1999-CA-00869-COA.
Court of Appeals of Mississippi.
August 1, 2000.
Rehearing Denied October 10, 2000.
Certiorari Denied February 8, 2001.
William Carl Miller, Biloxi, Attorney for Appellant.
Ernest Ray Schroeder, Pascagoula, John Scott Corlew, Jackson, Attorneys for Appellee.
BEFORE McMILLIN, C.J., LEE, AND MOORE, JJ.
McMILLIN, C.J., for the Court:
¶ 1. This case comes before the Court on the appeal of Mary Ann Joiner, who was injured in a fall from the second floor of a residence owned by the defendant, Katherine Haley. The residence was, at the time of the accident, rented to an additional defendant in this case, Dwight E. Beck. The trial court granted summary judgment in favor of the owner, Haley, finding that Joiner was a mere licensee on the premises and that, at best, Haley had only *51 a duty to refrain from wilfully or wantonly injuring Joiner. The trial court concluded that the largely undisputed facts did not, as a matter of law, make out a case of wilful and wanton conduct on Haley's part. Joiner, on appeal, contends that the trial court applied an incorrect standard and that Haley, by renting out the premises in an inherently dangerous condition, violated an implied covenant of habitability that extended to Haley's tenant as well as to those upon the premises by the consent of the tenant. Concluding that summary judgment was inappropriately granted for reasons we will proceed to discuss, we reverse and remand for further proceedings consistent with this opinion.

I.

Facts
¶ 2. Before Haley came into ownership of the property in question, a former owner had begun a renovation project that included a second-floor doorway intended to open onto an elevated deck or porch. The project was abandoned after the door was installed but before the deck or porch was constructed. Therefore, the home contained a doorway in a second-floor room that opened into thin air some distance over a concrete patio.
¶ 3. Haley, in her deposition, testified as to her efforts over time to prevent injury arising out of the existence of this door, which included posting warning signs inside the house, nailing the door shut on different occasions, and placing furniture in front of it. Despite these efforts, on the evening of May 16, 1995, a number of young people, including Joiner, gathered on the second-floor of the premises to socialize and enjoy a pool table that had been placed in the upstairs room containing the door in question. Jeff Beck, the son of Dwight Beck, opened the door to permit some ventilation, there being evidence that the air conditioning unit was not of sufficient capacity to ventilate and cool the room. Joiner, intending to step outside for a breath of fresh air, stepped through the open doorway and fell to the concrete patio below, incurring substantial injuries in the fall.

II.

Discussion
¶ 4. We review trial court rulings granting summary judgment motions under a de novo standard. Travis v. Stewart, 680 So.2d 214, 216 (Miss.1996). The appellant, Joiner, presents the question for decision quite crisply. She maintains that the trial court applied the wrong law when it decided her rights and Haley's corresponding duties under the common law principles of premises liability. Under that theory of recovery, the trial court noted that the sole duty possibly owed by Haley, as premises owner, to a licensee on the premises was to refrain from wilfully or wantonly injuring her. Hughes v. Star Homes, Inc., 379 So.2d 301, 304 (Miss. 1980).
¶ 5. Joiner maintains in this appeal that, rather than coming under the common law premises liability principles, her claim may be advanced as one for breach of the implied warranty of habitability first recognized by Justice Sullivan's concurrence, joined by a majority of the Mississippi Supreme Court, in the case of O'Cain v. Harvey Freeman and Sons, 603 So.2d 824 (Miss.1991). In that concurrence, Justice Sullivan, relying heavily on the provisions of the Residential Landlord and Tenant Act, Section 89-8-1, et seq., Mississippi Code of 1972, wrote that the landlordtenant relationship itself gives rise to an implied warranty of habitability that, as a "bare minimum ... should require a landlord to provide reasonably safe premises at the inception of a lease...." Id. at 833. Despite the fact that this warranty would seem to suggest a cause of action sounding in contract, Justice Sullivan's concurrence specifically held that the "[b]reach of the duty to use reasonable care to provide safe premises would entitle the tenant to pursue contract remedies as well as tort." Id. *52 (emphasis supplied). Any doubt as to the precedential value of Justice Sullivan's concurrence was answered by the Mississippi Supreme Court in the case of Sweatt v. Murphy, which acknowledged that four Justices besides Justice Sullivan joined the concurrence, and which also observed that "[t]he implied warranty of habitability is based upon sound considerations of public policy...." Sweatt v. Murphy, 733 So.2d 207 (¶ 9) (Miss.1999).
¶ 6. This Court can discover no reason why Joiner should not be permitted to advance a claim sounding in tort against the premises owner, the cause of action having as its foundation a tortious breach of the implied warranty of habitability standard announced in O'Cainrather than requiring Joiner, as a matter of law, to proceed under previously-existing premises liability decisions. Even though all cases to date that have followed the O'Cain decision involved claims by the tenants themselves, it seems well-settled in the area of products liability that privity of contract is not required to assert a claim based on the defective condition of the product. Hall v. Mississippi Chem. Express, Inc., 528 So.2d 796, 799 (Miss.1988). Because of the similarity of the considerationsa matter specifically commented on by Justice Sullivan in his concurrence (See O'Cain, 603 So.2d at 833)it would appear that an invited guest on the premises of rental property would be afforded the same protections extended to the tenant under O'Cain.
¶ 7. In light of the O'Cain decision, it must be conceded that Haley, as landlord in this case, had a duty that extended to her tenant and, by implication, to those additional persons who could reasonably be foreseen as coming on the property at the behest of the tenant, to deliver "a reasonably safe premises at the inception of [the] lease." O'Cain, 603 So.2d at 833. That being the case, it is the opinion of this Court that legitimate jury questions existed as to two related considerations. The first is whether the existence of a second-floor door opening into thin air over a ground-level concrete patio was an unreasonably dangerous condition affecting the habitability of the premises. The second is whether Haley's attempts to guard against injury to the unwitting user of the doorwaysuch as nailing barriers, posting warning signs and placing furniture barricadeswere sufficient to meet her obligation to furnish a reasonably safe premises and thereby shift responsibility for creating the hazardous condition to her tenant after the commencement of his tenancy.
¶ 8. Because we determine that the trial court applied the incorrect legal standard and because we are satisfied that legitimate questions of fact exist regarding Haley's duties as a landlord under O'Cain, we find that summary judgment was improvidently granted in this case and we, therefore, reverse and remand this case for further appropriate proceedings.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF JACKSON COUNTY IS REVERSED AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, PAYNE, AND THOMAS, JJ., CONCUR. MOORE, J., CONCURS IN RESULT ONLY. MYERS, J., NOT PARTICIPATING.