LEE, J.,
for the Court:
¶ 1. Ronnie Baggett filed a cause of action against Dr. Hobert Kornegay. Bag-gett alleged that Dr. Kornegay, a dentist, was negligent and committed malpractice during the extraction of three of his teeth. A motion for summary judgment was filed by Dr. Kornegay, and the motion was granted by the trial judge. Aggrieved by this decision, Baggett has filed a timely appeal and presents the following issue: Whether the “trial judge erred when he granted the motion for summary judgment filed by Dr. Kornegay. Finding this issue to be without merit, this Court affirms the decision of the lower court.
FACTS
¶ 2. Baggett filed a complaint against Dr. Kornegay alleging negligence. More particularly, Baggett asserted that Dr. Kornegay was negligent when he undertook to pull three teeth and subsequently broke his jaw. A review of the record reveals that after the extractions Baggett suffered from an infection in the area where the teeth had been removed. Bag-gett alleged that the infection necessitated further medical treatment from Dr. James Hover and Dr. Ferrell Fort. Although Baggett asserts that Dr. Kornegay was the dentist who performed the surgery, Dr. Kornegay appears to dispute this contention but argues that even if it were proved that he was the dentist who performed the extraction, Baggett failed to produce ex *140 perts to prove a breach of the standard of care. Nevertheless, what is more important for the purpose of this appeal is whether Baggett did indeed have expert witnesses to establish a breach of the standard of care at the time of the motion for summary judgment. The facts pertaining to expert witness testimony will be discussed below.
DISCUSSION
I. WHETHER THE TRIAL JUDGE ERRED WHEN HE GRANTED THE MOTION FOR SUMMARY JUDGMENT FILED BY DR. KORNEGAY.
¶ 3. Before this Court discusses the merits of Baggett’s argument, we will discuss the applicable standard of review for a summary judgment. The lower court is vested with the discretion to grant a summary judgment “if the pleadings, depositions, answers to interrogatories and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Collier v. Trustmark Nat’l Bank, 678 So.2d 693, 696 (Miss.1996). The standard of review on appeal when a trial judge grants a motion for summary judgment allows this Court to review the record de novo to determine if there was error on the part of the trial judge in granting the motion. Id. In a motion for summary judgment the movant and non-movant maintain burdens of production paralleling their burdens of proof they would sustain at trial. Id. at 696. The party which seeks to recover for negligent treatment and/or performance must show by a preponderance of the evidence that the defendant had a legal duty, that he breached that duty when he failed to conform to the required standard of care, that this breach was the proximate cause of the injury, and that damages were suffered. Phillips v. Hull, 516 So.2d 488, 491 (Miss.1987). The party that is seeking summary judgment has the burden of persuading the trial judge that there are no genuine issues of material fact, and that based upon the facts, he is entitled to a summary judgment. Id. Having addressed the standard of review, we will now analyze Baggett’s claim.
¶ 4. Baggett argues that the granting of the motion for summary judgment in favor of Dr. Kornegay was in error because there are issues of fact. Namely, whether Dr. Kornegay was the one who treated Baggett, and if so, whether Dr. Kornegay’s actions were negligent.
¶ 5. On April 13,1999, Baggett designated Ferrell Fort, D.D.S., P.A. and Dr. James W. Hover as his dental experts. On August 26, 1999, Dr. Kornegay designated Dr. Willie J. Hill, Chairman of the Department of Oral and Maxillofacial Surgery for the University of Mississippi School of Dentistry, as his expert. All discovery was required to be completed by September 30,1999.
¶ 6. Dr. Kornegay filed his motion for summary judgment on October 18, 1999. Dr. Kornegay argued in his motion for summary judgment and again in his brief that there was no evidence that would indicate that he had breached the dental standard of care. Additionally, Dr. Kor-negay argued that Dr. Hover and Dr. Fort, Baggett’s two designated experts, did not claim negligence had occurred and had not agreed to testify as experts on behalf of Baggett. Dr. Kornegay cited the case of Phillips v. Hull, 516 So.2d 488, 491 (Miss.1987), which states that in order to overcome a motion for summary judgment in a medical negligence case, the plaintiff is required to offer by affidavit, or otherwise, expert testimony which reveals that there has been a breach of the stan *141 dard of care by the doctor in question. Baggett contends the deposition testimony of Dr. Hover, one of his designated experts, establishes negligence on the part of Dr. Kornegay. It is at this point that we note that the lower court’s opinion states that Baggett filed an untimely response to the motion for summary judgment and counsel for Baggett failed to attend the hearing of the motion. Nevertheless, the trial court reviewed the merits of the motion for summary judgment and held in favor of Dr. Kornegay. Dr. Kor-negay continues his argument and asserts that he furnished an affidavit from his expert Dr. Hill. Dr. Hill stated that he had examined Baggett’s dental records from Dr. Hover and Dr. Fort, x-rays and pictures of Baggett’s mouth, as well as the transcripts of the depositions of Dr. Hover and Dr. Fort and that if Dr. Kornegay was the doctor that extracted Baggett’s teeth, there was no evidence of a breach of the dental standard of care.
¶ 7. This Court has reviewed the depositions of Dr. Hover and Dr. Fort and finds no testimony by either that asserts that if Dr. Kornegay was indeed the doctor who performed the extractions on Baggett that he breached the dental standard of care. Dr. Hover clearly stated that without having been present at the time of the extractions he could not testify with a reasonable degree of medical probability what caused Baggett’s condition, including whether it was due to a breach of the standard of care on the part of Dr. Kornegay. Dr. Hover was of the opinion that since he did not have access to any information on the previous procedure in question and was not sitting next to the chair to actually see the extractions, he could not say what standard of care was followed. Additionally, when asked whether he was prepared to be an expert on behalf of Baggett Dr. Hover responded, “[M]y intention is not to be pro or con to either side, just to render what I see and what I did.” Dr. Hover also stated that he would not consider himself an expert in extractions and would defer to an oral surgeon for the standard of care as it pertains to extractions. This Court also reviewed the transcript of the deposition of Dr. Fort.
¶ 8. Dr. Fort declared during his deposition that he was not aware that he had been designated as an expert and did not consent to serve as one. Additionally, Dr. Fort stated that he could not say if there was or was not a breach of the standard of care with a reasonable degree of dental probability. All that he could say was that he saw Baggett approximately three weeks after the extractions and at that time he had an infection in the bone of the jaw, but that he had seen people have difficulty after extractions. In light of the aforementioned applicable law and the depositions of Dr. Hover, Dr. Fort, and Dr. Hill, this Court concludes that Baggett did not have the essential expert testimony needed to establish the element of the breach of the standard of care. Therefore, we find that the trial judge did not err in granting Dr. Kornegay’s motion for summary judgment, and accordingly, we affirm the decision of the trial court.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF LAUDERDALE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO THE APPELLANT.
KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, MOORE, MYERS, PAYNE, AND THOMAS, JJ., CONCUR. McMILLIN, C.J., NOT PARTICIPATING.