824 So.2d 627 (2001)
Cassandra SAMPLE, Representative of the Wrongful Death Beneficiaries of Mary Alice Sample, Deceased, and Mattie Randel, Representative of the Wrongful Death Beneficiaries of James Williams, Deceased, Appellants,
v.
Richard HAGA and Pam Haga, Appellees.
No. 2000-CA-01991-COA.
Court of Appeals of Mississippi.
December 18, 2001.
Rehearing Denied April 9, 2002.
Certiorari Denied August 22, 2002.
*629 Bo Russell, Tupelo, Attorney for Appellants.
Dewitt T. Hicks, Jr., M. Jay Nichols, Columbus, Attorneys for Appellees.
Before McMILLIN, C.J., THOMAS, and MYERS, JJ.
MYERS, J., For The Court.
¶ 1. Mary Alice Sample and James Williams tragically lost their lives when the house owned by Richard and Pam Haga caught fire and burned down. Sample and Williams were staying at the house as guests of Rowener Thompson, who rented the house from the Hagas. The descendants of both Sample and Williams sued the Hagas alleging that the house was unsafe. The case was dismissed on summary judgment as the trial judge found that there were no genuine issues of material fact to be adjudicated in this case. Aggrieved by this decision, the descendants of Sample and Williams perfected this appeal raising the following issues:
1. WHETHER THE TRIAL COURT ERRED IN FINDING THAT THE HAGAS OWED NO DUTY TO THE DECEDENTS AND THAT THERE. WAS NO TRIABLE ISSUE OF FACT CONCERNING WILLFUL AND WANTON MISCONDUCT BY THE HAGAS UNDER THE THEORY OF PREMISES LIABILITY; AND
2. WHETHER THE TRIAL COURT ERRED IN FINDING THAT BREACH OF THE IMPLIED WARRANTY OF HABITABILITY WAS NOT ASSERTED IN THE COMPLAINT, THAT THE IMPLIED WARRANTY OF HABITABILITY DID NOT APPLY IN THIS CASE, AND THAT THE ABSENCE OF SMOKE DETECTORS DOES NOT BREACH THE IMPLIED WARRANTY OF HABITABILITY.

STATEMENT OF FACTS
¶ 2. Richard and Pam Haga rented a sixty year old, one story house to Rowener *630 Thompson, a nonparty. Although the Hagas were responsible for any repairs to be made on the house, Thompson exercised complete control of the house. Thompson had guests over at the rent house on the night of January 30, 1998. These guests included Thompson's sister, Mary Alice Sample, and Sample's boyfriend, James Williams. Sample and Williams were staying overnight at the house. Prior to these events, the electricity to the house had been cut off due to Thompson's failure to pay the electric bill. Because there was no light in the house, Thompson gave Sample and Williams a candle by which to see to get ready for bed. The candle was placed on a table and left burning through the night in the bedroom used by Sample and Williams. The candle caused the house to catch fire. There were no fire detectors installed in the house. The windows in the house could not be opened because Thompson had placed sticks in the tract of the glass pane to prevent individuals from gaining access to the house while she was away. Both Sample and Williams made it outside the house at different times but each re-entered the house to look for the other. Tragically, neither survived the fire. The descendants of Sample and Williams brought suit against the Hagas for the wrongful death of decedents alleging that the Hagas breached a legal duty to decedents. The trial judge dismissed the descendants' action with prejudice on the Hagas' motion for summary judgment. Aggrieved by this decision, the descendants perfected this appeal.

STANDARD OF REVIEW AND LEGAL ANALYSIS
¶ 3. This Court reviews orders granting summary judgment de novo. Dailey v. Methodist Med. Ctr., 790 So.2d 903, 907(¶ 3) (Miss.Ct.App.2001). As such, all evidence is viewed in the light most favorable to the non-moving party and they are given the benefit of every reasonable doubt. Id. The burden is placed on the moving party to show that no genuine issue of material fact exists. Id. A material fact is a factual issue "that matters in an outcome determinative sense." Id. All questions of law are reviewed de novo. Donald v. Amoco Prod. Co., 735 So.2d 161, 165(¶ 7) (Miss.1999). With these standards in mind, we look to the issues raised by the descendants of Sample and Williams in this appeal to determine whether a genuine issue of material fact exists.

1. WHETHER THE TRIAL COURT ERRED IN FINDING THAT THE HAGAS OWED NO DUTY TO THE DECEDENTS AND THAT THERE WAS NO TRIABLE ISSUE OF FACT CONCERNING WILLFUL AND WANTON MISCONDUCT BY THE HAGAS UNDER THE THEORY OF PREMISES LIABILITY.
¶ 4. The descendants first assert that the trial court erred in finding that the Hagas owed no legal duty to Sample and Williams and that the Hagas wilfully or wantonly injured Sample and Williams by failing to install smoke detectors. At the hearing on the motion for summary judgment, all parties agreed that Sample and Williams were social guests of Rowener Thompson. Pursuant to Mississippi law, a social guest is classified as a licensee for purposes of determining what legal duty a landowner owes to that person. Sharp v. Odom, 743 So.2d 425, 429(¶ 5) (Miss.Ct.App.1999). The duty generally owed to a licensee is for the landowner to refrain from wilfully or wantonly injuring the licensee. Id. A wilful or wanton act is one that exceeds ordinary negligence and rises to a "conscious disregard of a known, serious danger." Id.
*631 ¶ 5. The descendants of Sample and Williams contend that the Hagas wilfully and wantonly injured Williams and Sample by failing to provide smoke detectors for the house. In asserting this proposition, the descendants point to the language of the lease agreement between the Hagas and Thompson in which both parties agreed that Thompson was not to make any alterations to the property and that the Hagas were to keep the house maintained and make any needed repairs. The lease also provides that Thompson was to notify the Hagas of any repairs she needed done to the house. Thompson solely occupied and controlled the house. The Hagas could not have anticipated who Thompson would have as guests at the house. The descendants of Williams and Sample failed to present any evidence supporting their contention that the Hagas owed Sample or Williams any legal duty as they were licensees of Thompson and not the Hagas as Thompson exercised complete control over the property. Further, the descendants failed to produce any evidence that the Hagas committed a willful or wanton act. Accordingly, these issues do not present a genuine issue of material fact for a jury to decide. Summary judgment was proper on these issues.

2. WHETHER THE TRIAL COURT ERRED IN FINDING THAT BREACH OF THE IMPLIED WARRANTY OF HABITABILITY WAS NOT ASSERTED IN THE COMPLAINT, THAT THE IMPLIED WARRANTY OF HABITABILITY DID NOT APPLY IN THIS CASE, AND THAT THE ABSENCE OF SMOKE DETECTORS DOES NOT BREACH THE IMPLIED WARRANTY OF HABITABILITY.
¶ 6. The descendants next contend that the trial court erred in finding that the implied warranty of habitability was not properly asserted, did not apply and that the absence of smoke detectors did not breach the implied warranty of habitability. Because Mississippi is a notice pleading state, the cause of action is properly asserted if the allegations presented in a complaint are sufficient to put the defendants on notice of a cause of action. Parker v. Miss. Game and Fish Comm'n, 555 So.2d 725, 727 (Miss.1989). In paragraph seven of their complaint, the descendants asserted that the house was unsafe and unreasonably dangerous due to the lack of fire safety devices. The implied warranty of habitability requires the landlord to provide "reasonably safe premises at the inception of a lease, and to exercise reasonable care to repair dangerous defective conditions upon notice of their existence by the tenant, unless expressly waived by the tenant." Sweatt v. Murphy, 733 So.2d 207, 210(¶ 7) (Miss. 1999). The allegations made by the descendants in paragraph seven of their complaint were sufficient to provide notice to the Hagas of a claim for breach of the implied warranty of habitability. This issue was properly asserted.
¶ 7. The descendants next contend that the implied warranty of habitability is applicable to their case. Invited guests of tenants have been extended the same protections given to the tenant under the implied warranty of habitability. Joiner v. Haley, 777 So.2d 50, 52(¶ 7) (Miss.Ct. App.2001). Additionally, the implied warranty allows recovery not only under contract law but also tort law. Id. at (¶ 5). The implied warranty of habitability provides that the landlord has a duty to use reasonable care in providing safe premises. Id. Under these principles the implied warranty of habitability would apply in this case. Having the luxury of this cause of action is only the first obstacle the descendants must overcome in this case as *632 they must show duty, breach, causation and damages. Sweatt, 733 So.2d at 211(¶ 12). As this cause of action sounds in tort, the landlord has available all standard tort defenses including intervening cause and unforeseeability. Id.
¶ 8. The descendants final contention in this issue is that the absence of smoke detectors in the rental property breached the implied warranty of habitability. There is no state or local ordinance which provides that rental houses must be equipped with smoke detectors. Safety requirements for rental property is a concern for the legislative bodies of the state and locality, not for the judiciary. While the implied warranty of habitability does apply in this case, it does so only to create a duty on the part of the landlord to provide reasonably safe premises. As stated above, the descendants must still prove breach, causation and damages. Sweatt, 733 So.2d at 211(¶ 12). The breach of a duty must be the proximate cause of the injury suffered. Baggett v. Kornegay, 781 So.2d 139, 140(¶ 3) (Miss. Ct.App.2000). The proximate cause is the "cause which in natural and continuous sequence unbroken by any efficient intervening cause produces the injury and without which the result would not have occurred." Delahoussaye v. Mary Mahoney's, Inc., 783 So.2d 666, 671(¶ 13)(Miss.2001). Without passing on whether the absence of non-required smoke detectors breaches this duty, it is apparent that the cause of Sample's and Williams' deaths was not the lack of smoke detectors in the rent house as they each at one point exited the house to a place of safety. The cause-in-fact of the deaths of Sample and Williams was the voluntary act of each in re-entering the house in an attempt to find the other. Finding as such, this issue does not provide a genuine issue of material fact for a jury to decide. Summary judgment was proper on this issue.

CONCLUSION
¶ 9. The granting of summary judgment by the trial court to the Hagas was proper. There are no genuine issues of material fact for a jury to determine on the issues of premises liability or the implied warranty of habitability. While the trial judge's rulings on the assertion and applicability of the implied warranty of habitability were erroneous, summary judgment was proper for the reasons stated above.
¶ 10. THE JUDGMENT OF THE CIRCUIT COURT OF CLAY COUNTY IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, CHANDLER, JJ., concur. BRANTLEY, J., not participating.